IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-36,272-07, -08, -09, -10 & -11






EX PARTE LACEDRIC DWAINE RAY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 11343-A, 11346-A, 11344-A, 11345-A & 11630-A 


IN THE 77TH DISTRICT COURT FROM LIMESTONE COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of aggravated assault, one count of unlawful possession of a firearm, and one count of unlawful
carrying weapons. He was sentenced to thirty-five years' imprisonment on each count. The Tenth
Court of Appeals dismissed his appeals. Ray v. State, Nos. 10-09-00148-CR, 10-09-00149-CR, 10-09-00150-CR, 10-09-00151-CR & 10-09-00152-CR (Tex. App.-Waco 2009, no pet.). 

 Applicant contends that his counsel rendered ineffective assistance because she failed to
timely file notices of appeal. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall order trial counsel, Shirley Spivey, to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to
meaningful appeals because his counsel failed to timely file notices of appeal. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 24, 2010

Do not publish